JEDEDIAH BRIGGS & others *vs.* CAPE COD SHIP CANAL
COMPANY & another.

Suffolk.   Jan. 28. — March 15, 1884.   DEVENS & C. ALLEN, JJ., absent.

If the charter of a corporation provides that the corporation shall cease to exist
if a certain thing is not done in a certain time, the question whether the corpo-
ration has ceased to exist can be judicially determined only in a suit to which
the Commonwealth is a party.

If the charter of a canal corporation provides that the corporation shall not begin
to construct its canal, or take any land or property therefor, until it has depos-
ited a certain sum with the treasurer of the Commonwealth as security, among
other purposes, for the payment of damages for taking land, a deposit with the
treasurer, by the corporation, of United States bonds of the par value of the
sum required, and of a larger market value, is a sufficient compliance with
the charter, when accepted as such by the treasurer, so far as any rights of a
landowner, whose land is taken by the corporation, are affected.

The St. of 1883, *c.* 259, incorporated a canal corporation "with all the privileges
and subject to all the liabilities set forth in all general laws which now are or
may hereafter be in force relating to railroad corporations, so far as they may
be applicable, except as hereinafter provided;" and provided, in § 19, that the
capital stock might be fixed by the corporation within certain limits; and that
the corporation might locate, but could not begin to construct, its canal, or
take land therefor, until it had deposited a certain sum with the treasurer of
the Commonwealth as security for certain purposes. *Held,* that the Pub. Sts.
*c.* 112, §§ 85, 86, relating to the location and construction of railroads, did not
apply to the corporation.

The St. of 1883, *c.* 259, incorporating a canal corporation, provided, in § 3, that the
corporation might lay out its canal not exceeding a certain width, and should
file the location thereof, within a time specified, with the county commissioners;
in § 4, that the corporation might purchase or otherwise take land and materials
necessary for making or securing its canal and structures and works, and, if not
able to obtain such land or materials by agreement with the owner, the cor-
poration should pay such damages as the county commissioners or a jury upon
appeal might estimate; and in § 5, that the corporation should pay all damages
occasioned by laying out and making and maintaining its canal, and by taking
any land or materials, as provided in § 4, and such damages should, upon the
application of either party, be estimated by the county commissioners, "and
when it is intended to take land or materials, such application shall be made
before the actual taking or appropriation thereof." *Held,* that the laying out
and filing by the corporation of the location of its canal, under the provisions
of § 3, was a taking of all the lands included within the limits of the location;
and that it was not necessary that an application for the assessment of a land-
owner's damages should be made before the actual taking or appropriation.

COLBURN, J.   The plaintiffs allege, in this bill in equity, that
they are the owners in fee of a tract of land in Sandwich, which
the defendant corporation, established by the St. of 1883, *c.* 259,

has included in the location of its canal, and has actually taken possession of and is now using for the purpose of constructing its canal.

Section 3 of the act of incorporation provides that, if at least $25,000 is not expended in the actual construction of the canal within four months from the passage of the act, "this corporation shall thereupon cease to exist;" and § 19 provides that, if $200,000 is not deposited by the company with the treasurer of the Commonwealth, for certain purposes, within four months from the passage of the act, "this corporation shall thereupon cease to exist."

The bill alleges that neither of these provisions has been complied with, and the first prayer of the bill is, "that the defendant corporation may be declared to have ceased to exist."

It is too well settled to admit of discussion, that a corporation can be judicially determined to have ceased to exist only in a suit to which the Commonwealth is a party. The act of incorporation is a contract between the Commonwealth and the corporation ; whether the corporation has complied with the conditions is a question of fact to be judicially determined. The Commonwealth may waive a strict compliance with the terms of the act, and may elect whether it will insist upon a forfeiture, if there has been a breach of condition. *Commonwealth* v. *Union Ins. Co.* 5 Mass. 230. *Boston Glass Manufactory* v. *Langdon*, 24 Pick. 49. *Heard* v. *Talbot*, 7 Gray, 113. *Folger* v. *Columbian Ins. Co.* 99 Mass. 267, 274. *Rice* v. *National Bank of the Commonwealth*, 126 Mass. 300. Angell & Ames on Corp. § 777.

Section 19 of the act provides that the " company may locate, but shall not begin to construct, said canal, or take any land or property therefor, until it shall have deposited two hundred thousand dollars with the treasurer of the Commonwealth," as security for certain purposes, and, among others, as security for the payment of damages for taking land; and the bill alleges that this deposit has not been made. It appears by the allegations of the bill, that, instead of depositing money, the company deposited with the treasurer four and a half per cent bonds of the United States, of the par value of $200,000 and of the market value of $230,000, which the treasurer accepted as

a compliance with the provisions of § 19 of the act; and the plaintiffs contend that this was not a compliance with the provisions of that section.

The bonds are at least as good security, so far as the plaintiffs have any interest in the deposit, as money. The whole or any part of them can be sold at any time, without delay, at their full market value, and converted into money, if any payment from the deposit should be required. The case of *Haggerty* v. *Foster*, 103 Mass. 17, upon which the plaintiffs rely, cannot be regarded as supporting their claim. In that case, Foster, who proposed to become a special partner in a firm, had $2000 in United States bonds as a special deposit, subject to his order, in a bank; and, as a contribution of $2000 to the capital of the firm, he authorized one of the general partners to take these bonds, sell them, and apply the proceeds to his contribution to the capital; but the partner did not take possession of the bonds, or, so far as appeared, notify the bank of the transaction, until more than a month after the partnership was formed, during which time the legal title to the bonds remained in Foster. A majority of the court held that this transaction was not a contribution of $2000 "in actual cash payment as capital" at the time the partnership was formed, within the requirement of the Gen. Sts. *c.* 55, § 2. The requirements of the section we are considering are much less strict than those of the statute to which this decision relates. Section 19 does not require an "actual cash" deposit, or indeed, in terms, a deposit in money, though undoubtedly money or its full equivalent was intended.

We are of opinion that the deposit of the bonds was equivalent to the deposit of money, when accepted as such by the treasurer, so far as any rights of the plaintiffs can be affected; and that they have no ground of complaint on this account.

By the terms of § 1, the corporation was established, "with all the privileges and subject to all the liabilities set forth in all general laws which now are or may hereafter be in force relating to railroad corporations, so far as they may be applicable, except as hereinafter provided." The plaintiffs contend that the Pub. Sts. *c.* 112, §§ 85, 86, apply to this corporation; and the contention of the defendants is, that § 19 of the act of

incorporation is a substitute for the provisions of the sections of the Public Statutes referred to.

The object of each of the two provisions is the same, security for the performance of its obligations by the company, the payment of land damages and claims for labor. If the provisions of § 85 of the Pub. Sts. *c.* 112, are deemed sufficient in case of a railroad, no good reason appears for requiring the performance by the defendant corporation of these provisions and also of the provisions of § 19. By § 85 the capital stock must be at least fifty per cent of the estimated cost of the road; but by § 19 the capital stock of the defendant may be fixed by the company within certain limits, without reference to the proportion it may bear to the estimated cost of the canal. By § 85 the corporation can neither locate nor commence the construction of its road until the provisions of that section have been complied with; but by § 19 the company may locate, but shall not begin to construct, its canal, or take land therefor, until it has deposited the $200,000 with the treasurer of the Commonwealth; and the inference is, that, when it has made the deposit, it may begin to construct its canal and take land therefor. An act to incorporate the Cape Cod Canal Company, St. 1880, *c.* 245, is similar in its provisions to those of the act we are considering, and § 21 of that act clearly supersedes said § 85; and, as § 19 of the present act is a substitute for § 21 of the St. of 1880, the inference is very strong that § 19 was designed to supersede said § 85. For these reasons, we are of opinion that the Pub. Sts. *c.* 112, §§ 85, 86, do not apply to the act establishing the defendant corporation.

It is alleged in the bill, that no application was made to the county commissioners for the assessment of damages before the actual taking and appropriation of the plaintiffs' land; and that § 5 of the act requires that this should be done.

The laying out of the canal and the filing of the location thereof, under the provisions of § 3, was a taking of all the lands included within the limits of the location, and no other taking of these lands was contemplated in the act of incorporation. *Charlestown Branch Railroad* v. *County Commissioners*, 7 Met. 78. *Hazen* v. *Boston & Maine Railroad*, 2 Gray, 574. Section 4 provides for the purchase or taking of land and

materials outside the limits of the location as filed, and corresponds to § 91 of the Pub. Sts. *c.* 112, relating to railroads. Section 5 makes a clear distinction between lands taken by the location, and lands and materials taken outside the location under § 4, and it is only when it is intended to take lands or materials outside the location that the application for the assessment of damages must be made before the actual taking or appropriation. As the plaintiff's land was taken by the location, it was not necessary that an application for the assessment of their damages should be made before the actual taking or appropriation.

The plaintiffs fail to show any ground for the relief prayed for in their bill.     *Demurrer sustained ; bill dismissed.*

*M. Williams & C. A. Williams*, for the plaintiffs.

*R. Olney & S. W. McCall*, for the defendants.