Filed Oct. 15, 1889.

---

### No. 13,777.

THE STATE, EX REL. LONG, PROSECUTING ATTORNEY, *v.* THE BROWNSTOWN AND RIVER VALLEY GRAVEL ROAD COMPANY.

CORPORATION.—*Gravel Road.*—*Forfeiture of Charter.*—Where a gravel road company undertakes by its articles of association to construct a road nine miles in length and builds but six, by the provisions of section 3641, R. S. 1881, it forfeits its right only to the unconstructed part, and retains all the rights and privileges conferred by the statute as to the remaining part.

VOL. 120.—22

State, *ex rel.* Long, Pros. Att'y, *v.* Brownstown and River Valley G. R. Co.

SAME. — *Failure of Directors to File Report.*—The failure of the directors to file a report with the Secretary of State does not work a forfeiture of the charter.

From the Jackson Circuit Court.

*D. H. Long*, Prosecuting Attorney, and *D. A. Kochenour*, for the State.

*J. F. Applewhite* and ———— *Applewhite*, for appellee.

ELLIOTT, C. J.—This action is prosecuted by the State on the relation of Daniel H. Long, prosecuting attorney, and the object is to secure the forfeiture of the charter of the appellee. It is charged in the information that articles of association were filed in the proper recorder's office in March, 1875; that possession was taken of a public highway leading from Brownstown for a distance of nine miles, and that the appellee assumed and undertook in its articles of association to construct a gravel road for that distance. It is averred that the company has completed only six miles of the road, and, instead of constructing nine continuous miles of road it has constructed only six miles of road, and has not reached any one of the four places beyond Brownstown mentioned in the articles of association. It is also charged that the directors have failed to file any report with the secretary of state.

The statute provides that "Every such company or association shall cease to be a body corporate if, within two years from the time of filing a copy of its articles of association with the county recorder, it shall not have commenced the construction of its road, and expended at least ten per cent. of its capital stock, and if, within four years from such time, such road shall not be completed : *Provided, however,* That if it should so happen that such company should fail to complete the whole of its road within four years, then, in that case, all the rights, privileges, and franchises conferred by this act upon such company shall be applicable to and be the charter of such company for so much of its road as may be

completed within four years, as fully and effectually as if the whole line were completed : *Provided*, That within six months after such road shall have been completed, the directors shall report such fact, together with the costs of construction, to the secretary of state." R. S. 1881, section 3641.

It is quite clear that the failure to construct the entire line does not forfeit the right to the part actually constructed, for the statute expressly provides that the rights and privileges conferred shall be restricted to the part actually completed. If there were doubt as to the construction of the statute it must be so resolved as to avert a forfeiture if it can be reasonably done, for statutes are liberally construed to prevent forfeitures in such cases as this. *Moore* v. *State, ex rel.*, 71 Ind. 478; *Sellers* v. *Beaver*, 97 Ind. 111 ; *Board, etc.*, v. *Center Tp.*, 105 Ind. 422.

The subsequent legislation does not change the rule prescribed in the statutory provision we have quoted, for it simply grants further time for the construction of gravel roads. The effect of the provisions contained in section 3667, and in the act of December 20th, 1865, is simply to preserve the rights of the corporations who complete their roads within the time designated to the entire line described in the articles of association, and these provisions in no wise impair the right to the part of the road actually completed under the provisions of the statute we have quoted.

Pursuing the line marked out by the previous decisions of this court, we think it must be held that the failure of the directors to file a report with the secretary of state did not work a forfeiture of the appellee's corporate existence. *Moore* v. *State, ex rel., supra ; State, ex rel.*, v. *St. Paul, etc., T. P. Co.*, 92 Ind. 42; *State, ex rel.*, v. *Crawfordsville, etc., T. P. Co.*, 102 Ind. 283.

Judgment affirmed.

Filed Oct. 16, 1889.