JAMES H. TURTON, Appellant, v. BINGENHEIMER MERCANTILE COMPANY, a Corporation, and Oscar Olson, Sheriff in and for Morton County, North Dakota, Respondents.

(176 N. W. 661.)

**Conversion — fraudulent conveyances — question was for jury.**

This is a suit for the conversion of personal property on which the plaintiff has a chattel mortgage. The answer is that the property was levied on and seized under the writ of attachment against the mortgagor, and that the mortgage was taken with intent to hinder, delay, and defraud creditors. The issue, as presented by the pleadings and the evidence, was one of fact and not law. Manifestly the court erred by directing a verdict in favor of the defendants.

Opinion filed January 30, 1920.

[Appeal from the District Court of Morton County, Honorable *W. L. Nuessle,* Judge.

Reversed and new trial granted.

*Jacobson & Murray,* for appellant.

An officer who levies execution on property of a stranger is guilty of conversion, although the levy was made in good faith, and although the property was not actually taken or removed. Savin v. Chrisman (Or.) 175 Pac. 622; Rider v. Edgar, 54 Cal. 127; Kratzmar v. Detroit Lumber Co. (Mich.) 161 N. W. 817.

"The possession of a receiptor of property which has been taken by a lawful writ, is, in law, that of the officer to whom he is accountable." Irey v. Gorman (Wis.) 94 N. W. 658; 6 C. J. 317, § 621.

Where the goods of a stranger have been levied upon, and the plaintiff, with knowledge of that fact, refuses on demand to release them, such refusal constitutes a ratification of the wrongful levy. Cole v. Edwards (Neb.) 72 N. W. 1045.

*Sullivan & Sullivan*, for respondents.

A conveyance made pending suit, for the purpose of preventing the collection of such judgment that may be entered will be set aside at the instance of the plaintiff, whether made with or without a valuable consideration. 20 Cyc. 444, 445, 451.

Where the transfer unnecessarily hinders or delays other creditors, such being the purpose of the parties, the transfer will be held fraudulent even though there is an actual indebtedness to be discharged or secured. 20 Cyc. 475; Daisey Roller Mills v. Ward, 6 N. D. 100, 58 N. W. 271; Paulson v. Ward, 4 N. D. 100, 58 N. W. 792.

ROBINSON, J. This is an appeal from a judgment on a directed verdict in favor of defendants. The plaintiff brings suit as a mortgagee to recover from defendants for the conversion of a lot of personal property levied on under a writ of attachment against his mortgagor.

As it appears, in January, 1918, William Van Dusen made to the plaintiff a mortgage on the property to secure over $5,000. It was duly filed and it was given to secure the purchase price of the property. Then in two months afterwards, in March, 1918, the sheriff, by direction of the Mercantile Company, levied an attachment on the property. The plaintiff avers and shows that his mortgage has not been paid; that the property attached was reasonably worth $4,000, and he demands judgment for that sum. Both of the defendants answer and justify under the writ of attachment. Each answer avers that the mortgage was made to hinder, delay, and defraud the creditors of Van Dusen. Of course that was a good affirmative defense.

"Every transfer of property taken with intent to hinder, delay, or defraud any creditor is void against all creditors of the debtor." Comp. Laws, § 7220.

But "in the absence of fraud, every contract of a debtor is valid

against all his creditors existing or subsequent who have not acquired a lien on the property affected by such contract." Comp. Laws, § 7217.

"A debtor may pay one creditor in preference to another, or may give to one creditor security for the payment of his demand in preference to another." § 7218.

"In all cases the question of fraud is one of fact and not of law." § 7223.

The statute permits the making of a chattel mortgage and declares that it shall be void against creditors of the mortgagor, unless the original or an authenticated copy is filed in the office of the register of deeds of the county where the property mortgaged is situated. § 6758.

"The filing operates as notice to subsequent purchasers and creditors." § 6759.

On January 14, 1918, the mortgage was made in form and manner prescribed by statute, and on the same day it was duly filed in the office of the proper register of deeds. It was made by the mortgagor to his father-in-law to secure a promissory note and past due debt for $5,751 and interest. The debt was for personal property which the plaintiff had sold to Van Dusen. The writ of attachment was duly issued on March 26, 1918, in an action then pending to recover from Van Dusen $600. The return of the sheriff shows that under the attachment he did "levy on and seize" as the property of Van Dusen thirteen horses and a lot of other property. It shows the levy and seizure was not subject to the rights of the plaintiff. It shows a direct attack on the mortgage, and the same is further shown by the answer.

The day after the levy the plaintiff made and served on the sheriff an affidavit setting forth his claim to the property and demanded a return of the same. The sheriff consulted with the Mercantile Company, and, in accordance with their instructions, refused to return the property. There is nothing in the record to show that the mortgage was not given for a debt justly and honestly due the plaintiff. On the trial the mortgage was put in evidence, with proof showing that it was given for an honest debt; that it had not been paid, and proof showing the value of the property and that it had been levied on and seized by the sheriff. After making what is known as a good prima facie case, the plaintiff rested. The defendants then moved for a directed verdict. The motion covers over four typewritten pages and asks the

court to weigh and discredit the testimony given by the plaintiff and his witness, Van Dusen. It argues that the case presents an equitable issue and that the levy did not prevent the plaintiff from foreclosing his mortgage. It does, in effect, blow hot and cold, claiming that though there was a levy, it did not amount to anything. Manifestly the case should have been tried and determined and submitted to the jury on the issues presented by the pleadings. That was not done. The main issue presented was on the averment that the mortgage was taken with intent to hinder, delay, and defraud the creditors of Van-Dusen. That question should have been submitted to the jury. It was one of fact and not of law.

The judgment is reversed, with costs, and the case remanded for a new trial.