GRACE E. PHILLIPS, Appellant, v. NETTA B. PHILLIPS, as Administratrix of the Estate of H. H. Phillips, Deceased, Robert Lyall, as Administrator of the Estate of H. H. Phillips, Deceased, and the First National Bank of Harvey, North Dakota, a Corporation. FIRST NATIONAL BANK OF HARVEY, NORTH DAKOTA, a Corporation, Respondent.

(204 N. W. 985.)

**Statutory provisions.**

1. An insolvent debtor may secure one or more creditors in preference to others, and the mere fact that he does so, does not render the transaction fraudulent as to the creditors not preferred.

**Corporations — stranger may not attack transaction with collaterally as ultra vires; such attack may be made only by sovereign authority in direct proceedings.**

2. A stranger may not attack collaterally a transaction with a corporation on the ground that it is ultra vires; such attack can be made only by the sovereign authority in a direct proceeding.

**Assignments for benefit of creditors — statute held not to prevent insolvent debtor from paying or securing one or more creditors in preference to others.**

3. Chapter 18, Sess. Laws, 1921, was enacted to safeguard general assignments for the benefit of creditors in the interest of economical and fair distribution, and not to prevent insolvent debtors from paying or securing one or more creditors in preference to others.

**Assignments for benefit of creditors — transaction held "preference to creditors", and not "assignment for benefit of creditors".**

4. P., an insolvent debtor, gave a mortgage, a quit claim deed, and a bill of

---

Note.—(1) Right of insolvent to perfer creditors, see 14 R. C. L. 664.

sale to defendant to secure the defendant and certain other creditors to the exclusion of other of the insolvent's creditors. *Held*, the transaction was a preference of the creditors secured within the contemplation of § 7218, Comp. Laws, 1913, and not an assignment for the benefit of creditors within the purview of chapter 18, Sess. Laws, 1921.

Opinion filed August 4, 1925.

Assignments for Benefit of Creditors, 5 C. J. § 5 p. 1038 n. 46; § 208 p. 1153 n. 62, 63. Corporations, 14a. C. J. § 2178 p. 335 n. 78; § 2182 p. 337 n. 3. Fraudulant Conveyances, 27 C. J. § 365 p. 617 n. 8.

Appeal from the District Court of Wells County, *Jansonius, J.*

From an order sustaining a demurrer to the plaintiff's complaint, plaintiff appeals.

Affirmed.

*Hoopes & Lanier,* for appellant.

Pending the administration of an estate in probate court, a court of chancery will, when necessary to preserve the property, appoint a receiver until there is a proper legal representative of the deceased, or other person, entitled to the custody of the property. 17 Enc. Pl. & Pr. 685.

The rule laid down above by Encyclopedia of Pleading and Practice has been cited with approval in the following cases. Randle v. Carter, 62 Ala. 95; Briarfield Iron Works Co. v. Foster, 54 Ala. 622; Johns v. Johns, 23 Ga. 31; Re Calvin, 3 Md. Ch. 278; Flagler v. Blunt, 32 N. J. Eq. 518; Re Hancock, 27 Hun, 576; Harmon v. Wagener, 33 N. D. 487; Re Parker, L. R. 12 Ch. Div. 293.

Where a strong probability of the insufficiency of estate of a decedent to pay his debts is shown, a court of equity ought to interfere and appoint a receiver, if such a course will relieve the creditors from the hazard of losing their debts. McKaig v. Jones, 66 Md. 583.

A receiver will be appointed where an administrator has died or refuses to act. Palmer v. Wright, 10 Beav. 234.

Or has removed from the jurisdiction, leaving the property behind. Elting v. First Nat. Bank, 173 Ill. 381.

*John O. Hanchett,* for respondent.

An insolvent debtor may therefore pay one creditor in preference to others, although it takes every dollar of his property to make the payment. It is only when he executes an assignment for the benefit of all of his creditors that he cannot discriminate and favor. Then he must place all creditors on an equal footing. If he does not, the law and the courts will do it for him. Cutter v. Pollock, 4 N. D. 305, 59 N. W. 1062.

This court has had occasion several times since to pass upon the question of the right of an insolvent debtor to give a preference to one creditor over another and has uniformly sustained such right. John Miller Co. v. Harvey Mercantile Co. 38 N. D. 547, 165 N. W. 558; Finch, Van Slyke & Co. v. Styer, 199 N. W. 44.

The presumption is that corporations act within their power and any party who has a right to raise the question of ultra vires against any act of such corporation has the burden of alleging and proving same. 10 Cyc. 1155.

A bank which assumes to act for customers in the collection of paper entrusted to it, in the taking of security, must not secure its own claim to the detriment of the claims of its customers which it holds for collection. Commercial Bank v. Red River Valley Bank, 8 N. D. 72, 79 N. W. 859.

NUESSLE, J. The plaintiff instituted this action to procure the appointment of a receiver of all of the property of H. H. Phillips, deceased, and for an accounting by the defendant, the First National Bank of Harvey, North Dakota, of the assets of the deceased that came into its hands by virtue of certain transfers that are attacked. The defendant bank demurred to the plaintiff's amended complaint. The demurrer was sustained and the cause is now before this court on appeal from the order sustaining the demurrer.

Plaintiff in her complaint alleged that on the 30th day of November, 1923, H. H. Phillips, executed and delivered to the defendant bank, his mortgage covering certain real estate, a quit claim deed for certain other real estate, and a bill of sale of certain personal property, constituting all of the property of the said Phillips. That on the 2nd day of December, 1923, Phillips died. That at the time of the transaction

complained of, Phillips was insolvent. That the mortgage, deed, and bill of sale were executed and delivered to the defendant bank, as security for certain indebtedness owing from Phillips to the bank and to certain other creditors in the sum of $11,729.00. That such property was of the value of more than $20,000.00. That the creditors so sought to be secured, were not all of the creditors of the said Phillips and that such transaction constituted, and was, a fraudulent preference of the creditors thereby secured and made with intent to delay, cheat, and defraud plaintiff. That the defendant bank, was a national bank, not authorized under the laws of the United States or of the State of North Dakota to act as a trustee. That the plaintiff was a creditor of the said H. H. Phillips in an amount exceeding $18,000. That administration of the estate of H. H. Phillips had been begun in the proper county, and plaintiff's claim allowed; that there were other creditors not secured by the transaction. Plaintiff prayed relief that the conveyances complained of be declared void; that an accounting be had of any assets that might have come into the hands of the defendant bank, by reason of such conveyances; that the court appoint a receiver of the property of H. H. Phillips, deceased, pursuant to the provisions of chapter 18, Sess. Laws, 1921; that the property of Phillips be administered by such receiver through the district court for the benefit of all creditors. To this amended complaint, the defendant, First National Bank, demurred, upon the ground among others, that the complaint did not state facts sufficient to constitute a cause of action as against the defendant, First National Bank. The district court sustained this demurrer and this appeal comes here from the order made accordingly.

On this appeal the plaintiff urges that the conveyances complained of are subject to attack and she is entitled to the relief prayed for in her complaint because: (1) said conveyances were fraudulent, constituted a preference and were made for the purpose of cheating and defrauding the plaintiff; (2) because the defendant, First National Bank of Harvey, had no authority either under the laws of the State of North Dakota or of the United States to take hold and administer property as a trustee, and that therefore, the conveyances were void and unenforceable; (3) and because said conveyances were within the contemplation of chapter 18, Sess. Laws, 1921.

From a consideration of the complaint, it is apparent that any claim of fraud made by the plaintiff is based wholly upon the fact that the transaction between the deceased, Phillips, and the defendant bank constituted a preference of certain of the creditors to the exclusion of the plaintiff and other creditors. The plaintiff concedes that the mortgage, quit claim deed, and bill of sale were given to secure the bank and various other creditors. Her complaint is that such creditors were thereby preferred to her detriment. She contends that therefore the transaction was fraudulent. Section 7218, Comp. Laws, 1913, provides: "A debtor may pay one creditor in preference to another, or may give to one creditor security for the payment of his demand in preference to another." It seems plain under this section of the statute which is consistent with the common law rule in that behalf, that the conveyances here complained of by the plaintiff and which she seeks to have set aside, were not fraudulent. The transaction was clearly within the rule of the statute. Phillips, under the statute, had the right to prefer whomsoever of his creditors he would. The mere fact that he intended to prefer the defendant bank and other creditors could not render his actions in that respect fraudulent. The plaintiff's first ground of attack therefore cannot be sustained. See Cutter v. Pollock, 4 N. D. 205, 25 L.R.A. 381, 50 Am. St. Rep. 649, 59 N. W. 1062; Godman v. Olson, 38 N. D. 360, 165 N. W. 515; John Miller Co. v. Harvey Mercantile Co. 38 N. D. 531, 165 N. W. 558; Turton v. Bingenheimer Mercantile Co. 45 N. D. 98, 176 N. W. 661; Finch, Van Slyke & McConville v. Styer, 51 N. D. 148, 199 N. W. 444; Farmers' State Bank v. Brown, 52 N. D. 806, 204 N. W. 673.

The defendant bank, is a national bank. Its capitalization is $50,000. The plaintiff insists that under the terms of the conveyances here attacked, the defendant became and was an assignee and trustee of the property mortgaged and conveyed for the benefit of the creditors other than the bank, sought to be secured thereby. That the bank, by the federal statute, is expressly prohibited from acting in such capacity, and therefore, the mortgage, quit claim deed, and bill of sale are void. Furthermore, that the defendant bank is not authorized to act in a fiduciary capacity under the laws of the state of North Dakota, and for this reason as well the transaction complained of is void. It is to be noted, however, that no complaint is made by any of the parties

to the transaction. The attack by the plaintiff is a collateral attack. It is plain that she is not in a position to complain, although it be conceded that in assuming to act as a trustee for certain of the creditors, the defendant is acting without or beyond its corporate powers and doing that which it is not authorized to do. Such action on its part may be attacked only in a direct proceeding by the sovereign authority. It cannot be attacked by a stranger to the transaction in a collateral proceeding. See 14 C. J. 335 et seq. and cases cited; 7 R. C. L. 559, and 567 et seq. and cases cited; Anderson v. First Nat. Bank, 5 N. D. 451, 67 N. W. 821; First Nat. Bank v. Flath, 10 N. D. 275, 86 N. W. 864; First Nat. Bank v. Messner, 25 N. D. 263, 141 N. W. 999. It follows that the plaintiff cannot sustain her attack on the transaction in question on the second ground urged by her.

There remains then for consideration the plaintiff's third contention. This contention is predicated on chapter 18, Sess. Laws, 1921, the first and second sections of which read as follows:

"Sec. 1. When any person, partnership or corporation in this state shall make an assignment for the benefit of creditors, or a trust deed, of the whole or any substantial part of his property, the same shall be administered under the supervision of the district court.

Sec. 2. The making of such an assignment shall be cause for the appointment of a receiver of the property of the assignor, and the public administrator of the county wherein the greater part of the assets of such assignor shall be situated shall, either on his own petition or on the petition of any creditor of the assignor, be appointed receiver of the property of such assignor, and shall proceed to administer and distribute the same in the place and instead of the assignee named in such assignment, and as nearly as may be in accordance with the terms and provisions of such assignment, under the supervision of the district court."

Thus the questions are presented as to the construction of, and the effect to be given to this act. The first section of the act makes specific reference to and deals with both assignments for the benefit of creditors and trust deeds. Are those terms there used synonymously? Is the term trust deed used in the sense of assignment? In this connection it is to be noted that the title of the act reads: "An Act to Regulate Assignments for Benefit of Creditors, and Provide for the carrying

out of the same under Court Supervision." Furthermore, § 2, quoted supra, while dealing with the disposition of the matters covered by § 1, makes no reference to, or mention of, trust deed, or trust, or trustee, but uses the terms assignment, assignor, and assignee. After a careful consideration of the act we are forced to the conclusion that the terms, "Assignment for the Benefit of Creditors," and "trust deed," are used synonymously and in the popular sense of those terms, and that the act should be construed as though it read: "When any person . . . shall make an assignment or a trust deed of the whole or any sub-stantial part of his property for the benefit of creditors. . . ." Furthermore, it seems plain that the act has reference to general as-signments only and that the legislature did not intend to interfere in any way with transactions which secure one or more, but not all, of a debtor's creditors. That is, chapter 18, supra, was enacted without any intention to disturb in any way preferences as contemplated and permitted under § 7218, Comp. Laws 1913. The purpose of this act is not to prevent a preference of any one or more of an insolvent's creditors, but rather, to safeguard the administration of general as-signments in the interest of economical and fair distribution.

In the instant case, it is conceded that the defendant, the First National Bank of Harvey, took the mortgage, deed, and bill of sale as security. It took and held the same for the benefit of itself and other creditors intended to be secured. The conveyances attacked were on condition that when the claims secured were paid, the security should be reconveyed to the grantor. Thus they were in fact mortgages and not absolute conveyances. Comp. Laws, 1913, §§ 6725, 6726 and 6729; Omlie v. O'Toole, 16 N. D. 126, 112 N. W. 677; Godman v. Olson, 38 N. D. 360, 165 N. W. 515. It is true that Phillips intended to thereby secure some of his creditors to the exclusion of others. The plaintiff and other creditors were not to participate in the security thus given. In other words, there was intended to be, and there was, a preference. But this is exactly what the statute, Section 7218, supra, contemplates may be done. And the transaction did not result in an assignment for the benefit of creditors. See Cutter v. Pollock, 4 N. D. 205, 25 L.R.A. 381, 50 Am. St. Rep. 649, 59 N. W. 1062; Sandwich Mfg. Co. v. Max, 5 S. D. 125, 24 L.R.A. 524, 58 N. W. 14; Hargadine v. Henderson, 97 Mo. 375, 11 S. W. 218.

The order of the district court sustaining the demurrer was right and it must be affirmed. It is so ordered.

CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and JOHNSON, JJ., concur.