(36 App. Div. 156.)

## WALLABOUT BANK v. MILITARY CLUB OF NEW YORK.

(Supreme Court, Appellate Division, First Department. January 20, 1899.)

1. ATTACHMENT—GROUNDS—FRAUDULENT TRANSFERS.
    An insolvent membership corporation about to be dissolved preferred some of its creditors, with whom the settlement was made through its attorney. After making a settlement, the attorney would obtain a check from the treasurer and pay the agreed amount. Afterwards, the corporation placed its funds in the attorney's hands, to be used by him in effecting settlements with certain other creditors. Held not an assignment of the moneys to the attorney in trust with intention to defraud creditors, so as to authorize an attachment.

Appeal from special term.

Attachment proceedings by Wallabout Bank against the Military Club of New York. From an order denying defendant's motion to vacate a warrant of attachment, it appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Edward Wells, Jr., for appellant.
John N. Blair, for respondent.

BARRETT, J. The defendant is a domestic corporation, and the attachment recited, as the ground upon which it was issued, that "the defendant   *   *   *   is about to remove its property from the

state with the intent to defraud this plaintiff, one of its creditors, or has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete, its property, with intent to defraud its creditors." No point was made below, nor is any made here, as to the irregularity of these alternative recitals. We may, therefore, look into the merits. There was no evidence that the defendant was about to remove its property from the state, nor that it was about to assign, dispose of, or secrete its property. The sole ground in support of which proof was given is that "the defendant has assigned, disposed of, or secreted its property with intent to defraud its creditors." It is well settled that to authorize an attachment upon this ground "there must be actual or intended fraud upon creditors,—such fraud as was contemplated by the statute of Elizabeth and similar statutes." Casola v. Vasquez, 147 N. Y. 258, 41 N. E. 517. There was no proof here of fraud in this sense. The defendant, being insolvent, desired to settle its debts, giving a preference to those which had been incurred since the 1st day of January, 1898. The respondent concedes that, as the defendant is a membership corporation, there is no prohibition in the common law or the statutes of this state against unlimited preferences of debts due by it to bona fide creditors. The respondent further concedes, as it must, that if the defendant had delivered its property to these bona fide creditors in payment of their just claims there would have been no ground for complaint. What the plaintiff complains of is the supposedly objectionable manner in which the defendant sought to accomplish this lawful purpose. The fact is that the directors of the defendant company conferred with its attorney, Mr. Brower, with reference to the payment of these debts. In the conference, the attorney advised these gentlemen that they were liable personally for the club's debts contracted within one year. He was then instructed to settle these debts first, and to apply any balance of the defendant's moneys which might remain thereafter to the payment of the company's remaining debts. This is the substance of what took place at the conference. What was done thereafter was simply in execution of this lawful purpose. Mr. Brower proceeded to settle with the creditors in question, and at first, upon each settlement, obtained from the defendant's treasurer a check for the payment of the amount agreed upon. The settlements were reported to the board of governors until the latter appointed a committee, to whom Mr. Brower was instructed to report. After six of the creditors had thus been settled with, Mr. Brower suggested that it would facilitate further settlements if the club's money were placed in his hands, so that he would not have to wait after completing a negotiation until he could obtain a check from the treasurer. Mr. Brower suggested that the latter officer was not at his office all day, and was out of town on one or more days of the week. The matter was discussed, and the money was thereupon handed over to Mr. Brower by the treasurer, with the approval of the board. The respondent's contention is that this transaction amounted to an assignment of the moneys in question to Mr. Brower in trust to do therewith what he was instructed to do. We cannot concur in this view. There was no assignment of the moneys to Mr. Brower, nor did he receive them

in trust for the purposes mentioned. He undoubtedly received and held them in a fiduciary capacity, but they were always, while in his hands, the defendant's moneys, and were subject to its orders. The defendant could at any moment revoke Mr. Brower's authority, or vary his instructions, or require him to hand the moneys back to its treasurer. The respondent relies solely upon a technical trust relation of the parties. If, therefore, there was no trust in the sense of an assignor, an assignee, and cestui que trust, the case for an attachment fails. Clearly the defendant neither assigned nor disposed of these moneys. It retained the title thereto throughout. It simply varied their custody, and it did so openly and above board. There was, therefore, no secreting. Still less was there an intent to defraud. The intent was to apply the moneys legitimately. It is true that Mr. Arthur, the gentleman who was the defendant's treasurer at the time when the moneys were handed to Mr. Brower, deposed that "the defendant has assigned all of its property to said Brower in trust to use the same to pay over seventy-five per cent. of its indebtedness, with the purpose and intent of putting it out of the power of the plaintiff herein to recover any part of its just claim against said defendant." This latter purpose and intent are denied by the president of the defendant and by Mr. Brower, and the assertion thereof is quite inconsistent with the conceded facts as to what actually transpired. This assertion is as plainly inaccurate as the previous assertion that the defendant has assigned its property to Brower in trust, etc. Looking at the actual facts, as distinguished from their characterization by the affiants, it is plain that there was here no fraudulent disposition of property. We have not overlooked the admission that the small balance of $453.01 which was in Mr. Brower's hands when the attachment was levied was not specified in the schedule of the defendant's property annexed to its petition in the proceeding for a dissolution. Mr. Brower deposes that the indebtedness of the defendant which he settled under his instructions amounted in all to $12,585.74, and that he retains this sum of $453.61 subject to the payment of his fees. Considering the extent and character of his services, we do not think it any evidence of fraud that the defendant's officers and directors made no claim to this small balance. They may well have deemed that Mr. Brower was entitled to retain it as his reasonable compensation for the services rendered.

The order appealed from should therefore be reversed, with $10 costs, and the disbursements of the appeal, and the motion to vacate the warrant of attachment granted, with $10 costs. All concur.