(42 Misc. Rep. 15.)

## V. G. PFLUKE CO. v. PAPULIAS.

(Supreme Court, Special Term, Jefferson County. November, 1903.)

1. ATTACHMENT—GROUNDS—FRAUD—EVIDENCE.

The ground of an attachment as stated in the warrant was that the said defendant "has assigned, disposed of, and secreted, or is about to assign, dispose of, or secrete, his property with intent to defraud his creditors." The evidence showed that he had given a chattel mortgage with a provision allowing him to sell the goods mortgaged without accounting for the proceeds or reducing the debt, and that he had sold some of them in the course of business. *Held* insufficient evidence of actual fraud sufficient to sustain the attachment.

ROGERS, J. The ground of the attachment, as stated in the warrant, is "that the said defendant has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete, his property, with intent to defraud his creditors." There is no evidence to sustain the attachment upon the second ground, and the question is left whether the affidavits on which the attachment was granted make such proof of an assignment, disposal of, or secreting his property with intent to defraud creditors as gives jurisdiction. The proof made is, in substance, that on the 23d day of October, 1901, the defendant gave to one Lewis Limbres a chattel mortgage upon his stock of goods, furniture, and fixtures and all thereafter added, in a store in Herkimer, to secure the payment of $1,500; that it was filed on the same day in the Herkimer county clerk's office, and refiled October 22, 1902, with a statement that there was due on said mortgage the sum of $1,500, with interest from October 23, 1901, and that no part of it has since been paid; also that the mortgage gave the defendant the right to sell the mortgaged property without accounting for the proceeds, and without any reduction of the amount due on the mortgage; and that, pursuant to said authorization, the defendant did in fact sell from said stock goods "in the course of business." This arrangement clearly makes the mortgage fraudulent and void as to creditors. Edgell v. Hart, 9 N. Y. 213, 59 Am. Dec. 532; Potts v. Hart, 99 N. Y. 168, 1 N. E. 605; Boshart v. Kirley, 34 Misc. Rep. 241, 69 N. Y. Supp. 623. In the case at bar, however, no claim is being asserted by the mortgagee. It must, therefore, be determined whether the giving of the mortgage, with the permission mentioned, which might be avoided by creditors (should the mortgagee attempt to enforce it), constitutes such an assignment, disposing of, or secreting of property with intent to defraud creditors of the defendant as authorizes an attachment, within the meaning of section 636, subd 2, of the Code of Civil Procedure. The giving of a chattel mortgage and omitting to file it in the proper office, coupled with a threat upon the part of the mortgagor to use the mortgage to defeat the claim of a pressing creditor, is sufficient to authorize an attachment. Lukens Iron & Steel Co. v. Payne, 13 App. Div. 11, 43 N. Y. Supp. 376. In the case cited Mr. Justice Landon, who wrote the opinion, stated that the filing act laid "down a rule of evidence by which their [the omission to file, etc.] fraudulent character could be determined." 13 App. Div. 13, 43 N. Y. Supp. 377. And because of this statute I assume the court was constrained to hold there was fraud.

I am not aware of any statute that avoids a chattel mortgage because the mortgagor is permitted to sell the property covered by it. It is condemned, doubtless, because of the conclusion of courts that it would be against public policy to permit a party to deal with the property mortgaged as though unincumbered, so that third persons—either creditors or purchasers—might suffer because thereof. When the mortgagor, having authority to sell, is required to apply the proceeds to the extinguishment of the debt, it is immune from attack. Brackett v. Harvey, 91 N. Y. 214. In the affidavits on which this attachment was granted there is no proof that the mortgage was not given for a bona fide indebtedness, nor that there was in the transac-

tion any actual, corrupt, fraudulent purpose. The instrument only is constructively fraudulent against creditors. It is a fraud in law. The parties to it may have been honest. Actual fraud is not to be presumed, and, before found, must be established by facts showing such intent. Kibbe v. Herman, 51 Hun, 438, 3 N. Y. Supp. 852. In my opinion, the authorities require that such fraud must exist to justify an attachment on the ground mentioned. "To authorize an attachment under subdivision 2, of section 636 of the Code, there must be actual or intended fraud upon creditors; such fraud as was contemplated by the statute of Elizabeth and similar statutes. The violation of·the limited partnership act by the preferential payment of an honest debt does not show that the debtor has 'assigned, disposed of, or secreted his property' with intent to defraud his creditors, within the attachment law." Per Andrews, J., Casola v. Vasquez, 147 N. Y. 258, 260, 41 N. E. 517. See, also, Wallabout Bank v. Military Club, 36 App. Div. 156, 55 N. Y. Supp. 422; Lexow v. St. Lawrence Marble Co., 16 Misc. Rep. 133, 38 N. Y. Supp. 831. Whether the affidavits sufficiently show that the plaintiff was "entitled to recover a sum stated therein over and above all counterclaims known to him" (Manufacturers' Nat. Bank v. Hall, 60 Hun, 466, 15 N. Y. Supp. 208; Id., 129 N. Y. 663, 30 N. E. 65), or whether the warrant itself is fatally defective in that the grounds of the attachment are stated in the alternative (Cronin v. Crooks, 76 Hun, 120, 27 N. Y. Supp. 1108; Id., 143 N. Y. 352, 38 N. E. 268) need not, if I am correct in the view above expressed, be determined. The motion to vacate the attachment must, as against the moving parties, be granted, but without costs.

Motion granted, without costs.