(103 N. W. 755.)

---

John R. Jones v. Ferdinand Hoefs and Theodore Heling, Co-partners Doing Business Under the Firm Name and Style of Hoefs & Heling.

Opinion filed May 19, 1905.

**Attachment — Motion to Dissolve — Sufficiency of Notice.**

1. Where the defendant gives notice of motion to dissolve an attachment, and the notice recites that the motion will be based upon an affidavit served therewith, which denies the truth of the attachment affidavit, the notice sufficiently shows that the ground for the motion to dissolve is that the attachment affidavit is false.

**Denials of Grounds for Attachment — Burden of Proof.**

2. Where the defendant denies the existence of the grounds for attachment, and moves to dismiss the attachment for that reason, the burden of proving that one or more of the grounds alleged for the attachment are true is upon the plaintiff, and if the plaintiff fails to prove the existence of such grounds the motion to dissolve must be granted, even though there is no defense to the action on the merits.

Appeal from District Court, Richland county; *Pollock*, J.

Action by John R. Jones against Ferdinand Hoefs and Theodore Heling. Judgment for defendants, and plaintiff appeals.

Affirmed.

*McCumber, Forbes & Jones,* for appellant.

Evidence of threats to transfer property to baffle creditors' efforts to collect their claims, undisputed, warrants the sustaining of the attachment. Livermore v. Rhodes, 27 How. Pr. 506; Chaffee v. Runkel, Rowley & Co., 77 N. W. 583; Nebraska Moline Plow Co. v. Fuehring, 72 N. W. 1003; Reed Bros. v. First Nat'l Bank, 64 N. W. 701; Kingman v. Weiser, 67 N. W. 941.

A preponderance of the evidence is all that is required to sustain the attachment. Tolerton & Stetson Co. v. Casperson, 63 N. W. 908; Symns Grocery Co. v. Snow, 78 N. W. 1066; First Nat'l Bank v. Randall, 37 N. W. 799; Miller v. McNair, 27 N. W. 333; Bowles v. Hunter, 91 Mo. App. 333.

Affidavits, introduced after plaintiff has rested, to the effect that "defendants are straightforward, honest business men, and in affiant's opinion have not dealt dishonestly with their property," are not rebuttal, and are incompetent and should not be received. Section 5376, Rev. Codes 1899; 19 Am. & Eng. Enc. Law (1st Ed.) 1093; 23 Am. & Eng. Enc. Law (2d Ed.) 972; 14 Enc. Pl. & Pr., 161.

*J. A. Dwyer* and *C. E. Wolfe,* for respondents.

The question of irregularity is reached by motion, which is substantially a demurrer to a pleading. William Deering & Co. v. Warren, 1 S. D. 35, 44 N. W. 1068.

Notice of motion is usually treated as sufficient, notwithstanding defects in respect to some essentials, provided none was misled thereby. 14 Enc. Pl. & Pr. 132. Case will not be reversed because ground of motion is not pointed out in the notice, if such ground was fully stated in the moving affidavit, met by the opposing affidavit and discussed by the court below. Livermore v. Bainbridge, 14 Abbots' Pr. 227 (N. S.).

When the notice is for irregularity, it should set forth the irregularity, otherwise it is sufficient to state generally the ground of the motion. 2 Wait's Pr. 183; Ellis v. Jones, 6 Pr. 296; 4 Wait's Pr. 596.

Good faith as to payment of the claim sued on is not in issue on motion to dissolve attachment. It is the actual fraud and evil intent toward creditors, not refusal to pay debts, that supports an attachment. Durr v. Jackson, 59 Ala. 203; Totle v. Cadwell, 30 Kan. 125; Weare Com. Co. v. Durley, 30 L. R. A. 465, and note.

Burden of proof is upon plaintiff to sustain the attachment affidavit. Noyes v. Lane, 1 S. D. 125, 45 N. W. 327; Wyman v. Wilmarth, 1 S. D. 172, 46 N. W. 190; Jones v. Myers, 7 S. D. 155, 63 N. W. 773.

ENGERUD, J. This is an appeal by plaintiff from an order of the district court vacating a writ of attachment on defendant's motion. The action was brought to recover on a promissory note executed by the defendents as partners. The plaintiff procured the issuance of the writ of attachment upon an affidavit, alleging as grounds therefor "that the defendants, Ferdinand Hoefs and Theodore Heling, above named, have sold, assigned, transferred, secreted, and mortgaged their property, and are about to sell, assign, transfer, and secrete their property, with intent to cheat and defraud their creditors, and to hinder and delay them in the collection of their debts." The defendants answered the complaint, and at the same time served upon the plaintiff's attorneys a notice of motion to dissolve the attachment. The notice was entitled in the action, and read as follows: "You will please take notice: That the defendants in the above entitled action, by their attorney, will on the first day of April, 1904, at two o'clock p. m. of said day, before the court at the chambers thereof, in the city of Wahpeton, in Richland county, North Dakota, move the court to dissolve and vacate the warrant of attachment issued in the above entitled action; that the said motion will be made upon the affidavit of Ferdinand Hoefs, the answer of the defendants in this action, all of which are hereto attached, and upon all the files and records of the case." The affidavit of Hoefs referred to in the notice and served with it, after setting forth in some detail facts tending to show that the defendants were solvent, and in good financial condition, specifically denied the allegations of the affidavit upon which the attachment was issued.

The first point made by appellant is that the court erred in entertaining the motion to dismiss, because the motion papers did not comply with rule 5 of the district court which provides: "When the notice is for irregularity it shall set forth particularly the irregularity complained of. In other cases it shall not be necessary to make a specification of points, but it shall be sufficient if the notice state generally the grounds of the motion." It is claimed that the notice points out no irregularity, nor does it state generally the grounds of the motion. The fact that no irregularity was mentioned in the notice, and the fact that it was based upon an affidavit which

specifically denied the truth of the attachment affidavit, could not fail to inform the plaintiff that the defendant claimed no irregularity of procedure, but would demand the vacation of the writ on the ground that the alleged grounds for the attachment did not exist. The record discloses that the plaintiff was not misled, and, even if it could be properly said that the rule of court was not complied with, we think it would have been a very proper exercise of its discretion of the trial court to overlook so trivial a departure from the rule. The defendants' affidavit put in issue the facts alleged in the attachment affidavit as grounds for the issuance of the writ. The burden was upon plaintiff to prove that the attachment affidavit was true.

We have examined the record with care and can find no evidence whatever that either of the defendants had in any manner disposed of any property with intent to hinder, delay, or defraud any creditor, or that they were about to do so. Numerous affidavits were read in evidence by the plaintiff, and one of the defendants was at the request of the plaintiff examined and cross-examined at the hearing. The most that the evidence which the plaintiff submitted or offered to submit tended to show was that the defendants were in financial straits; that they had mortgaged or pledged much of their property to secure bona fide debts; that they had been selling property every day, and had offered to sell out their business; that their alleged defense to the note in suit was sham. There is an utter absence of evidence or offer of proof tending to show any disposition of property out of the ordinary course of business, or with fraudulent intent. That was the sole issue before the court, and, unless the plaintiff could prove that the defendants had or were about to make a fraudulent disposition of their property, the court had no other alternative than to vacate the attachment, even though the defense to the action was palpably without merit. There being no evidence or offer of evidence sufficient to support the attachment affidavit, it is unnecessary to discuss the several assignments of error in detail.

The order is affirmed   All concur.