JOHN PETERSON, Respondent, v. ISAAC OGLAND and NELS OGLAND, Appellants.

(184 N. W. 981.)

**Attachment — should be dissolved where grounds are denied by defendant and not sustained by plaintiff.**

Where, on a motion for dissolution of an attachment, the existence of the grounds of the attachment is properly denied by the defendant, the burden is placed upon plaintiff to show the existence of such grounds; and where he fails to sustain such burden, the attachment should be dissolved.

Opinion filed Oct. 31, 1921.

Appeal from the District Court of Williams County, *Moellring,* J.

Defendants appeal from an order denying a motion to dissolve an attachment.

Reversed.

Per Curiam Opinion.

*Fisk* & *Shafer,* for appellants.

There is no showing that appellant had sold, assigned, secreted or otherwise disposed of his property with intent to cheat or defraud his creditors, or that he was about to do so. And there is no showing by such alleged statement that he was about to remove his property from this state, or a material part thereof with the intent or to the effect of cheating or defrauding his creditors, and the motion to vacate the attachment should have been granted. Jones v. Hoefs, 14 N. D. 232; 103 N. W. 751; Palo Sav. Bank v. Cameron, 168 N. W. 769, (Iowa); Piper v. Wade, 132 N. W. 786, (S. Dak.).

*Burdick* & *Knox,* for respondent.

PER CURIAM. This is an appeal from an order denying a motion to discharge an attachment. The grounds specified in the affidavit for attachment are:

"That the defendant has removed or is about to remove his property, or a material part thereof, from this state, not leaving enough therein for the payment of his debts. Has sold, assigned, transferred, secreted or otherwise disposed of, or is about to sell, assign, transfer, secrete, or otherwise dispose of, his property with intent to cheat or defraud his creditors, or to hinder or delay them in the collection of their debts; is about to remove his property, or a material part thereof, from the state with the intent or to the effect of cheating or defrauding his creditors or hindering or delaying them in the collection of their debts or judgments."

Under the warrant of attachment issued upon such affidavit, the sheriff levied upon an automobile belonging to the defendant Isaac Ogland. The defendants moved to discharge the attachment on the ground that the charges in the affidavit for attachment were untrue.

They submitted in support of said motion an affidavit of each of the defendants, completely traversing all the statements in the affidavit for attachment, and showing that both of the defendants are residents of the state of North Dakota, own real and personal property therein, and that neither of them had committed, or were about to commit, any of the acts charged in the affidavit for attachment. Upon the hearing of the motion to discharge the attachment, the plaintiff and his wife were sworn and testified orally. Their testimony was to the effect that on the evening of April 12, 1921, the two defendants came to a room where plaintiff was then confined on the second floor of a building known as the Royal Cafe, in the city of Williston; that they wanted to see the plaintiff, but plaintiff's wife refused to admit them, and locked the door. She claimed that both of the defendants were intoxicated. According to her testimony they became quite angry because she would not let them see her husband. The defendants thereupon went down stairs. And plaintiff and his wife testified that when the two defendants were on the sidewalk in front of the Royal Cafe, they (plaintiff and his wife) heard the defendant Isaac Ogland say: "I am going to get my car and get out of this country here and they can all go to hell." At the time this statement was made, the car was in the possession of the chief of police of the city of Williston, who apparently, had taken charge of it in connection with some charges against defendants for violation of the traffic regulations of the city of Williston. This constitutes the sole showing made by the plaintiff in support of the averments in the affidavit for attachment. Both defendants were also sworn and gave oral testimony. It appears from the testimony of the defendant Nels Ogland that he was and is the owner of real property in Williams county, N. D., with improvements thereon consisting of a house, barn, and other buildings, which is worth $4,000; and the owner of personal property, consisting of horses, cows, pigs, chickens, harnesses, household furniture, etc., worth $700; that said Nels Ogland was the owner of all of said property at and prior to the time the summons and complaint in this action were served upon him, and is still the owner of all of said property. It further appears that the said Nels Ogland is a widower, with five children to support and care for, and has resided in Williams county for the past 12 years. These facts are not disputed. The defendant Isaac Ogland testified positively—and on this point his testimony is not contradicted— that he is the owner of a house and lot in Crosby, N. D., where he has

been, and is making his home; that he is the owner of personal property, consisting, among other things, of the automobile levied upon in this case, and a set of carpenter tools, which personal property he claims to be worth $1,000. It appears, further, that Isaac Ogland has been living at his present place of residence at Crosby for many years. Both defendants denied that Isaac Ogland made the statement attributed to him by plaintiff and his wife. Both, also, denied that they had committed, were about to commit, or ever had the slightest intention of committing, any of the several acts charged in the affidavit for attachment.

In passing on a motion to discharge an attachment, the trial court exercises judicial powers. Due weight will be given to its determination. But where that determination relates to the truth or falsity of the charges set forth in the affidavit for attachment, and involves a consideration of evidence bearing upon such question, there must be some basis in the evidence for the conclusion reached by the trial court. This court has ruled:

"In motions for dissolution of an attachment, the facts stated in the original affidavit being denied, the burden is on plaintiff to support the allegations thus made; failing so to do this, the attachment should be dissolved." Weil et al. v. Quam, 21 N. D. 344, 131 N. W. 244.

See, also, 6 C. J. 451; 2 R. C. L. 878. In our opinion the plaintiff wholly failed to show the existence of any of the grounds specified in the affidavit for attachment; and the trial court should have ordered the attachment to be dissolved.

The order appealed from is reversed, with costs to the appellants.

GRACE, C. J., and CHRISTIANSON, BIRDZELL, and BRONSON, JJ., concur.

ROBINSON, J. (dissenting). This is an appeal from an order denying a motion to vacate an attachment. The plaintiff sues to recover $500 damages on the ground that by fast and reckless driving defendants ran an automobile against the plaintiff, doing him severe injury. On the usual statutory affidavit the plaintiff obtained a warrant of attachment and levied on the offending automobile, which was appraised at $300. On counter affidavits defendants moved to dissolve the attachment, and on the hearing of the motion the plaintiff and his wife were sworn and testified and each testified that defendants called on them, and on leaving defendant Isaac Oglund, the owner of the automobile, said:

"I am going to get my car and get out of the country, and they can all go to hell."

It also appeared that Isaac Ogland had no property of any account, excepting the automobile and some carpenter tools. Defendants were sworn and denied the testimony of the plaintiff and his wife. Now, in such cases, the statute provides thus:

"If on such hearing it appears to the satisfaction of the court or judge that the attachment was irregularly issued or that the affidavit upon which it was issued is untrue, the attachment must be discharged. Code, § 7561.

. We may assume for a certainty that the judge would have discharged the attachment if it had appeared to his satisfaction that the affidavit upon which it was issued is untrue. It did not so appear to his satisfaction, nor does it appear to the satisfaction of this court. Furthermore, the fact that defendant has gone to the trouble and expense of a motion to dissolve the attachment and of an appeal to this court may well be considered as some evidence that his purpose was to get the automobile clear, take his carpenter tools and leave the country. When the motion was denied Isaac Ogland gave a counter bond, as provided by statute, for the release of the attachment. That is what he should have done in the first instance.