GAMBLE-ROBINSON MINOT COMPANY, a Corporation, Respondent, v. TED MAURATIS, Doing Business under the Name of Venus Tea Room, Appellant.

(214 N. W. 913.)

**Appeal and error — lack of formal notice to opposing counsel.**

1. Where exception was taken to the sureties on an undertaking on appeal and the appellant thereupon and within the time for the taking of an appeal made a deposit in the amount of the undertaking with the clerk of court pursuant to § 7823, Comp. Laws 1913, but failed to serve notice of deposit as required by said statute, the appeal will not be dismissed where such failure to serve notice is reasonably excused.

**Attachment — motion to dismiss — burden on plaintiff.**

2. Where a defendant denies the existence of the grounds for an attachment and moves a discharge thereof on that account, the burden is upon the plaintiff to establish the existence of such grounds.

**Attachment — motion to dismiss — plaintiff must establish statutory intent.**

3. Where an attachment is issued under the fourth subdivision of § 7537, Comp. Laws 1913, providing that his property may be attached "when the defendant has sold, assigned, transferred, secreted or otherwise disposed of, or is about to sell, assign, transfer, secrete or otherwise dispose of his property, with intent to cheat or defraud his creditors, or to hinder or delay them in the collection of their debts," and the existence of these grounds for the attachment is denied, the alleged statutory intent must be established by the plaintiff as a matter of fact.

**Fraudulent conveyance — proceeds of business — payment on mortgage on equipment not fraud.**

4. The defendant, engaged in the restaurant and confectionery business, borrowed money to buy his business equipment and mortgaged such equipment to secure the debt thus incurred. Then he bought his stock in trade on account and sold it out in the usual course of business. He devoted the greater portion of the proceeds of the sales to the payment of his mortgage debt and applied only a lesser share on the account. *Held*, for reasons stated in the opinion, that his actions in these respects will not in themselves warrant the inference of such an intent as to sustain an attachment under the fourth subdivision of § 7537, Comp. Laws 1913, providing that his property may be attached "when the defendant has sold, assigned, transferred, secreted or otherwise disposed of, or is about to sell, assign, transfer, secrete or otherwise

dispose of his property, with intent to cheat or defraud his creditors, or to hinder or delay them in the collection of their debts."

Opinion filed June 1, 1927.   Rehearing denied August 18, 1927.

Appeal and Error, 3 C. J. § 1152 p. 1116 n. 31 New.   Attachment, 6 C. J. § 69 p. 58 n. 49; p. 59 n. 79 New; p. 60 n. 82; § 1048 p. 451 n. 28.   Fraudulent Conveyances, 27 C. J. § 363 p. 613 n. 82.

Appeal from the District Court of Ward County, *Moellring,* J. Reversed.

*F. J. Funke* and *Sinkler & Brekke,* for appellant.

"When notice of appeal is duly served, and an undertaking executed, this court has jurisdiction of the appeal, although the appeal may not be perfected by the performance of all the acts specified in the statute." Beddow v. Flage, 20 N. D. 66, 126 N. W. 97.

"When a notice of appeal is served in good faith, jurisdiction is at once conferred on this court as well as the trial court for some purpose, i. e., that of permitting the appeal to be perfected so that it can be heard."   Burger v. Sinclair, 24 N. D. 326, 140 N. W. 235.

A transfer made prior to the creation of a debt affords no grounds for attachment in an action to collect that debt.   Trebilcock v. Big Missouri Min. Co. 9 S. D. 206, 68 N. W. 330; Prunk v. Williams, 28 Ind. 523.

"Actual fraud is not to be presumed and before found must be established by facts showing such intent."   Plufke Co. v. Papulias, 85 N. Y. Supp. 541; Wingo v. Guardy (Va.) 12 S. E. 970.

"Payment of honest debts to one creditor to the exclusion of the other cannot be made the basis of a charge of fraud and will not sustain an attachment."   First Nat. Bank v. Steele, 81 Mich. 93; Abernathy v. Armstrong, 26 Kan. 270.

*L. J. Palda, Jr., C. E. Brace,* and *Robert W. Palda,* for respondent

This court will not ordinarily decide moot questions.   Ruso Farmers Supply Co. v. Jacobson, 47 N. D. 223, 181 N. W. 370.

It would seem on principle, that one contracting a debt after property has been mortgaged, and the mortgages duly recorded, cannot be heard to say that such mortgages were made with the intent to defraud

creditors, as grounds for an attachment. Trebilcock v. Big Missouri Min. Co. 9 S. D. 206, 68 N. W. 330.

NUESSLE, J. This appeal is from an order of the district court of Ward county denying a motion to discharge an attachment.

The plaintiff is engaged in the wholesale grocery business. The defendant operated a restaurant and confectionery store. The action in which the attachment issued was brought to recover a balance of $751.-57 on an account for merchandise sold and delivered to the defendant by the plaintiff between the 1st day of January, 1925, and the 6th day of March, 1926. There was a balance of $445.89 unpaid on this account on January 1st, 1926. The defendant paid between January 1st and March 6th, 1926, $470.24. Thus it appears that the debt for which the plaintiff seeks to recover is less than the value of the goods sold to the defendant between January 1st and March 6th, 1926.

The warrant of attachment was issued upon an affidavit reciting that "the defendant has sold, assigned, transferred, secreted, or otherwise disposed of, or is about to sell, assign, transfer, secrete or otherwise dispose of his property with intent to cheat or defraud his creditors, or to hinder or delay them in the collection of their debts." The defendant moved to discharge the attachment on the ground that the affidavit for attachment was false. This motion was grounded upon defendant's affidavit reciting that the property seized under the warrant was of the value of $2,800; that such property belonged to the defendant and consisted of fixtures, equipment and merchandise used by the defendant in the operation of his business; that defendant had made no sale of any of his said property other than in the usual course of business and had made no arrangements to sell, assign, transfer, secrete, or otherwise dispose of such property other than in the usual course of business. In resistance of the motion plaintiff filed additional affidavits wherein it was set forth that the defendant had executed four several chattel mortgages covering all of the furniture and fixtures owned by the defendant and contained in his place of business; that three of these mortgages, filed respectively on December 13th, 1924, August 19th, 1925 and October 26th, 1925, were executed to the Citizens State Bank of Minot at about the dates of their filing to secure items of indebtedness aggregating $9,384.80; that the fourth of said mortgages was exe-

cuted and filed on the 7th day of August, 1925, and covered a certain range and pressure boiler to secure the purchase price thereof in the sum of $535.75; that none of these mortgages has been satisfied; that the property mortgaged consisted of all of the personal property of the defendant excepting certain wares and merchandise kept for sale by him in his place of business; that the Citizens State Bank claimed defendant owed it far more than the amount for which the mortgages stood as security; that the defendant for some time prior to the issuance of the writ of attachment had deposited all of the receipts and income from his business with the bank with the understanding that the bank should have the right to apply such deposits in payment of the indebtedness owing to it; that by reason of these facts the defendant had sold, assigned, transferred, secreted, or otherwise disposed of his property with intent to hinder and delay the plaintiff and other unsecured creditors in the collection of their debts, and that the defendant had no other property than that attached.    The defendant filed an affidavit in rebuttal wherein he admitted the making of the mortgages to the Citizens State Bank as set out in the defendant's affidavit, but alleged that the same were given by him to secure indebtedness owing to the bank and in renewal of mortgages previously given to the said bank to secure the same; that such indebtedness originated long prior to any transactions between the plaintiff and defendant and was for money borrowed by defendant with which to begin his business and purchase furniture and fixtures and improve his place of business; that the mortgage covering the range and pressure boiler was given to secure the purchase price thereof, and that such range and boiler were required and used in the carrying on of defendant's business; that such mortgages were made in good faith and in the ordinary course of business without any intention to hinder, delay, or defraud the defendant's creditors.    Defendant further admitted that he had deposited receipts from his business in the Citizens State Bank, but alleged that such deposits were made in the ordinary course of his banking business; that the funds so deposited remained under his control and that no arrangement existed between him and the bank whereby the bank acquired a right to dispose of the funds so deposited; that such funds were paid out by the defendant in payment of the expenses of operating and maintaining his business and not otherwise; that from time to time as he was able to do so de-

fendant had paid considerable sums to plaintiff on account; that such payments aggregated over $900 between December 31st, 1925 and March 6th, 1926. Concededly he paid $470.24 subsequent to January 1st, 1926.

The district court after considering the showing as thus made on the hearing of the motion to discharge the attachment, ordered that the motion be denied. The instant appeal is from such order.

We are first confronted with a motion on the part of the plaintiff to dismiss the appeal. This motion is based upon the ground that no undertaking on appeal has been provided as required by the statute. It appears that a written undertaking on appeal was served and filed with the notice of appeal. The defendant excepted to the sureties within ten days in accordance with the provisions of § 7837, Comp. Laws 1913. The sureties did not justify, but within the statutory time for appeal from the order here complained of the defendant made a cash deposit with the clerk of court in the sum of $250 in lieu of an undertaking. See § 7823, Comp. Laws 1913. No notice of deposit was served as required by the statute. Counsel for defendant contends, however, that he at that time verbally advised counsel for the plaintiff of the deposit in lieu of an undertaking and was told that this would be acceptable to the plaintiff and no formal notice need be given. Thus defendant justifies his failure to give the notice.

The service of an undertaking on appeal is not jurisdictional. The notice of appeal if served in good faith confers jurisdiction and thereafter the court pursuant to § 7480, Comp. Laws 1913, may permit the appeal to be perfected by providing the requisite undertaking. In the instant case a deposit in lieu of an undertaking was made with the clerk, and while no notice thereof was served as required by the statute, yet such omission is excused by the showing of the defendant. There is no question of the defendant's good faith in the premises. The plaintiff has suffered and will suffer no injury by reason of the procedure followed. See Beddow v. Flage, 20 N. D. 66, 126 N. W. 97; Burger v. Sinclair, 24 N. D. 326, 140 N. W. 235. So the motion to dismiss must be denied and the appeal disposed of on its merits.

Viewing the showing as made on the record in the light most favorable to the plaintiff all that can be said is that the defendant had but little capital. He borrowed money to provide himself with business

equipment and gave mortgages on the furniture and fixtures thus bought to secure the debt. These mortgages were duly filed. Thereafter he bought his stock in trade on account from the plaintiff. Then defendant proceeded to sell his stock in trade in the usual course of business. He devoted the larger portion of the proceeds of the sales to the payment of his mortgage debt and applied only a lesser share on the account.

The attachment was issued under the fourth subdivision of § 7537, Comp. Laws 1913, providing that his property may be attached "when the defendant has sold, assigned, transferred, secreted or otherwise disposed of, or is about to sell, assign, transfer, secrete or otherwise dispose of his property, with intent to cheat or defraud his creditors, or to hinder or delay them in the collection of their debts."

Though it be conceded that the acts of the defendant in mortgaging his property in the manner shown and in using the income from his business as he did in paying the mortgage debt constituted a "disposition" of his property within the meaning of the statute, nevertheless there was no ground for the attachment unless such acts were done with fraudulent intent on the part of the defendant. Can it be said to reasonably follow that those acts were done by defendant with such intent.

In the first place the defendant having challenged the truth of the allegations of the affidavit for attachment, the burden was put upon the plaintiff to establish those allegations by a preponderance of the evidence. Jones v. Hoefs, 14 N. D. 232, 103 N. W. 751; Trebilcock v. Big Missouri Min. Co. 9 S. D. 206, 68 N. W. 330; Collins v. Stanley, 123 Am. St. Rep. 1022, and note (15 Wyo. 282, 88 Pac. 620); 2 R. C. L. p. 878; 6 C. J. p. 58; 1 Shinn, Attachm. § 116. Next, the fraudulent intent on the part of the defendant must be established by the plaintiff as a matter of fact. See § 7223, Comp. Laws 1913; J. H. Allen & Co. v. Styer, 51 N. D. 157, 199 N. W. 447; Trebilcock v. Big Missouri Min. Co. 9 S. D. 206, 68 N. W. 330; 6 C. J. 59. Here there is no direct evidence of fraudulent intent. Neither is such intent established circumstantially. While it is true that the defendant had mortgaged his business equipment to the bank, nevertheless, it appears that these mortgages were given in the usual course of business to secure an indebtedness owing by him to the bank. The mortgages were executed and filed, for record prior to the time when the business transactions out of which

the present suit grew were had. The plaintiff when it sold his stock in trade to the defendant had at least constructive notice of the fact that the defendant's furniture and fixtures were mortgaged. There was no representation or pretence by the defendant that they were not. Under these circumstances it seems to us that no inference of fraud can arise from the execution of the mortgages. See Jones v. Hoefs, and Trebilcock v. Big Missouri Min. Co. supra; V. G. Pfluke Co. v. Papulias, 42 Misc. 15, 85 N. Y. Supp. 541. The fourth mortgage covering the range and boiler was given to secure the purchase price of this property. Certainly no inference of fraud can arise from the execution of this mortgage. It further appears that the defendant while conducting his business in the usual manner devoted a considerable portion of the proceeds of such business to the payment of his indebtedness to the bank. Does payment to this creditor in this manner in itself establish a fraudulent intent on the part of the defendant to cheat and defraud the other creditors? We are of the opinion that it does not. The actions of the defendant in this respect were wholly consistent with his legal rights and no fraudulent intent can be inferred from them. It appears that during the period of sixty days next preceding the attachment the defendant had in fact paid to the plaintiff $470.24 on account, so that some at least of the proceeds of his business were being devoted to the payment of creditors other than the bank. In any event the defendant, if he saw fit and proper to do so, might legally prefer the bank to any of his other creditors and no inference of fraud would flow therefrom. See Jones v. Hoefs, supra; Phillips v. Phillips, 53 N. D. 66, 204 N. W. 985, and cases cited. See also Weare Commission Co. v. Druley, 30 L.R.A. 465, and note (156 Ill. 25, 41 N. E. 48).

We think that on the showing as made on the motion to discharge the attachment the plaintiff failed to sustain the burden that was upon it and establish the fraudulent intent on the part of the defendant essential to the issuance of the warrant. The trial court therefore erred in denying the motion to discharge and the order must be and is reversed.

BIRDZELL, Ch. J., and CHRISTIANSON, BURKE and BURR, JJ., concur.