## MATHIAS GREWER, Respondent, v. CARL KINNISCHTZKE, Appellant.

(226 N. W. 812.)

Opinion filed October 4, 1929.

S. P. Rigler, for appellant.

C. F. Kelsch and M. K. Higgins, for respondent.

BIRDZELL, J. This is an appeal from an order denying the defendant's motion to vacate an attachment. The plaintiff filed a complaint stating six causes of action upon as many different contracts, asking for judgment in the total sum of $2,250.04 with interest. He made an affidavit for attachment, stating as a ground that the defendant had sold, assigned, transferred, secreted or otherwise disposed of and, was about to sell, assign, transfer, secrete or otherwise dispose of his property with the intent to cheat and defraud his creditors, including the plaintiff, and to hinder and delay them in the collection of their just debts. A warrant of attachment was issued and levied upon a large amount of personal property. The defendant answered the com-

plaint with a general denial and moved to dissolve the attachment, claiming that the grounds for attachment, as stated in the plaintiff's affidavit, did not exist; that the charges therein were false and that no grounds for attachment existed. By stipulation an order was made dissolving the levy and attachment as to a portion of the property, and the general motion was resisted and continued to a subsequent date.

In support of the motion the defendant's affidavit charges and states that there is no truth in the statements contained in the plaintiff's affidavit for attachment; that the affiant did not dispose of his property nor sell, assign, transfer, secrete or otherwise dispose of his property, either real or personal, and that he did not contemplate doing so; that he had resided on a certain farm in Mercer county, where he still lived, for twenty-eight years; that he intended to remain upon that farm with his family; that he owned and farmed 720 acres of good farm land surrounding his present farm; that he owned personal property worth $15,000; that he had not sold, disposed of or secreted any of the same and did not intend doing so; that he is financially responsible and has sufficient property to pay any judgment which the plaintiff might recover. For a counter-showing the plaintiff filed an affidavit made by himself and one Braun. The affidavits are lengthy, but they contain substantially the following statements as facts; that the real property mentioned in the defendant's affidavit is subject to mortgage with interest aggregating $18,519 and is not worth more than the mortgage indebtedness with interest; that the value of the personal property does not exceed $7,000; that there are chattel mortgages on the same aggregating over $9,600. On information and belief it is stated that the defendant is insolvent; that the plaintiff and Braun in November, 1928, went to the defendant's place and he expressly promised to haul and deliver, free of expense, all the grain due the plaintiff to Glen Ullin as soon as he had finished his fall work; that he has since that time failed and refused to disclose to the plaintiff the number of acres cultivated and farmed upon the plaintiff's land or the number of bushels of wheat, rye and flax raised thereon or the number of bushels that were due and owing to the plaintiff; that he only accounted for a portion of the rye and flax for which he is given credit in the complaint; that he refused to make any accounting or

settlement whatsoever; that in January, 1929, the plaintiff wrote demanding a settlement; and in response to that demand the defendant wrote advising the plaintiff that his wheat had not been hauled and would not be hauled until the roads were good enough and then he would get his share, but that he had no contract. He denied that there was any book account owing to the plaintiff, as he had always given a note, and stated that he had no money and was "flat." In a joint affidavit of Grewer and Braun they state that they went to the defendant's place on December 4, 1928, and the plaintiff demanded an accounting of the defendant; that the defendant in reply to such demand said he would know in about two weeks what he could do; that he then and there refused to make any disclosure, accounting or further statement whatsoever; that when they again went to his place the latter part of January or the first of February to ascertain what the defendant was able and willing to do the defendant said, in substance, that he did not have any money. He refused to account for any grain or make any disclosure as to the quantity of grain he threshed and refused to state when he would account for the shares due the plaintiff realized from the 1928 crop; that the defendant resides approximately fifteen miles due north of Glen Ullin; that between the 18th and 24th days of October the defendant hauled three loads of wheat to the Farmers Elevator at Hebron, North Dakota, which is approximately twenty miles from his residence and over roads that are less serviceable to the defendant than the road due south to Glen Ullin.

In this affidavit the plaintiff states he had ascertained from the Glen Ullin Roller Mills that after the attachment was levied the defendant had hauled approximately 200 bushels of wheat to the mill; that he and his attorney confronted the defendant with this information and that the defendant remained silent refusing to admit or deny the fact; that upon this occasion he persisted in his refusal to state the number of bushels he had harvested and threshed upon the property he occupied and farmed as a tenant of the plaintiff and refused to state the number of bushels due the plaintiff; that he did not know and had no way of determining the share due the plaintiff and refused to disclose the acreage cultivated or to state when he would account to the plaintiff for his share. He stated that as soon as he was through with seeding he would haul and deliver the plaintiff's share to the elevator, saying

also that he had retained an attorney who had advised him that he had a right to use such portion of the various grains grown the preceding year as was necessary for the purpose of seeding and for feed, notwithstanding the attachment lien.

The question before the court on this appeal is whether or not on the showing made the motion to dissolve the attachment in toto was properly denied. There is no showing that the attachment was irregularly issued, so the sole issue is as to whether or not the affidavit upon which it was issued is untrue. The plaintiff's affidavit with respect to the value of the defendant's property, to the liens against it and to the disposition he was making thereof, to the defendant's claim of right to dispose of the same without the plaintiff's consent, and to his refusal to account for a definite share, or to even state the number of acres farmed or the number of bushels threshed, to his hauling grain to a more remote and less accessible market, in our opinion, tends strongly to support the charge of fraud in the disposition of the property and a purpose to hinder and delay the plaintiff in the collection of his debt. There is no attempt to refute the rather definite and specific statements contained in the plaintiff's affidavit, strongly corroborated by Braun and by exhibits consisting of mortgage abstracts and copies of letters. The situation presented is one that is prima facie inconsistent with honest dealing between debtor and creditor and strongly indicates a purpose on the part of the debtor to make a disposition of his property that will prevent the creditor from realizing upon his claim. The showing well sustains the burden of proof which was upon the plaintiff to establish the existence of grounds for the attachment.

The order appealed from must be affirmed. It is so ordered.

BURKE, Ch. J., and CHRISTIANSON, BURR, and NUESSLE, JJ., concur.