J. L. PAGE, Appellant, v. AUGUSTA STEINKE, Respondent.

(236 N. W. 261.)

Opinion filed April 20, 1931.

*John H. Kirk,* for appellant.

*Asmunder Benson,* for respondent.

CHRISTIANSON, Ch. J.   This is an appeal from an order vacating an attachment.   The action in which the warrant of attachment issued was brought to recover upon a promissory note.   The affidavit for attachment stated as ground for attachment "that the defendant has sold, assigned, transferred, secreted, or otherwise disposed of, or is about to sell, assign, transfer, secrete or otherwise dispose of, her property, with intent to cheat or defraud her creditors, or to hinder or delay them in the collection of their debts."   The defendant moved that the attachment be vacated and set aside on the ground that the affidavit upon which it was issued is untrue.   Upon the hearing of the motion affidavits were submitted in support of and in opposition to the motion.   The trial court made an order vacating the attachment and the plaintiff has appealed from such order.

We are of the opinion that the attachment was properly vacated, and that the order appealed from should be affirmed. ·· A defendant whose property has been attached may move to discharge the attachment upon the ground, among others, that the affidavit upon which it was issued is untrue; and, if, upon the hearing of the motion "it appears to the satisfaction of the court or judge . . . that the affidavit upon which it was issued is untrue, the attachment must be discharged."

Comp. Laws 1913, § 7561; Sonnesyn v. Akin, 12 N. D. 227, 97 N. W. 557. See, also, 6 C. J. p. 424. The motion to vacate the attachment was supported by the affidavit of the defendant and the affidavit of her son Ernest. In these affidavits it is stated that the charge made in the affidavit for attachment is without foundation and wholly false. It is further stated that the defendant has been a resident of Bottineau county for more than twenty-seven years, is still such resident and expects to make it her permanent home in the future; that the only portion of her property that she has sold or disposed of is her share of the grain raised in 1930, and that she utilized the proceeds of the sale of such grain to pay taxes, interest upon the first mortgage on the land and necessary expenses in harvesting and threshing the crop. The plaintiff submitted in opposition to such affidavits the affidavits of the plaintiff and plaintiff's attorney. These affidavits show the note in suit to have been given as part of the purchase price for certain land purchased by the defendant in 1923, and that the plaintiff is the holder of such note through assignment from the original payee. It is stated in such affidavits that on August 28, 1930, the plaintiff called on the defendant and requested her to renew the indebtedness and that she agreed to pay a certain sum September 1, 1930, or as soon as she had threshed and to secure the balance by chattel mortgage on the 1931 crop and a second mortgage on the land attached; that subsequently negotiations were had between plaintiff and the defendant and that the defendant promised to come in with her son and make settlement on September 6, 1930; that she failed to come and make settlement although she had threshed and sold her grain. That, thereupon, on September 19, 1930, the plaintiff commenced this action and caused the land to be attached; that after the attachment the defendant and her son came to see the plaintiff and offered to make settlement by paying $77 on the indebtedness, provided payment of the balance was extended for another year with security on one-third of the 1931 crop on the attached land; that plaintiff did not accept this proposition and that the defendant refused to make settlement of, or give security for the payment, of the debt as requested by the plaintiff and that thereupon, on September 22, 1930, the defendant gave a mortgage to the Bottineau Implement Company for $805, on the land which has been attached, said mortgage being dated September 19, 1930. It is further

averred in such affidavit that the defendant received no consideration for such mortgage and that the mortgage was given in fraud of her creditors. The defendant submitted in opposition to such affidavits the affidavit of one Helgerson, the manager of the Bottineau Implement Company. In this affidavit it is stated that Ernest Steinke, the son of the defendant Augusta Steinke, several years ago purchased farm machinery from the Bottineau Implement Company; that at that time said Ernest Steinke and his mother were living together and farming a farm in Bottineau county and that the machinery was purchased for use on such farm; that at the time the machinery was purchased the said Ernest Steinke and Augusta Steinke executed and delivered their joint note in settlement of the machinery so purchased; that on September 22, 1930, the said Ernest Steinke and Augusta Steinke came to the office of the Bottineau Implement Company and executed a joint note in renewal of their former indebtedness, which indebtedness had been running for a number of years; and that to secure payment of such note the defendant Augusta Steinke executed and delivered a real estate mortgage upon the land in question; that said mortgage was taken in good faith and for the sole purpose of securing a pre-existing indebtedness of the defendant and not for the purpose of defrauding the plaintiff or any other creditors.

The controversy presented on this appeal revolves largely around the probative effect of the mortgage given by the defendant to the Bottineau Implement Company. It is claimed by the plaintiff that the execution and delivery of this mortgage is strong proof of the truthfulness of the charges made in the affidavit for attachment,—that the plaintiff was about to sell, assign, transfer, secrete or otherwise dispose of her property with the intent to cheat or defraud the plaintiff and other creditors.

The record discloses that the trial court gave careful consideration to the questions of fact and law involved on the motion to dissolve the attachment. In addition to the formal order, the trial court prepared and filed a memorandum decision setting forth the contentions and proofs of the parties as stated in the various affidavits submitted upon the hearing. In such memorandum decision the court said: "It appears that at the time the original affidavit for attachment was made all that the defendant had done was to sell her grain except that a

thresher's lien was filed against her alone for the threshing of the grain on her land, and it looks from the size of the threshing bill paid under that lien that she paid for all the threshing while she only received one-half of the grain. However, there does not seem to be any sufficient showing that at that time she had been fraudulently disposing of or concealing her property with the intent to cheat and defraud creditors. It appears that she is an old resident of the county and of good repute. Up to the time of this suit, and this attachment was levied, her actions do not seem to have been questioned. But the plaintiff contends that her giving the mortgage to the Bottineau Implement Company after this attachment substantiates his claim and entitles him to retain the attachment. The burden of proof is upon the plaintiff to maintain the proposition that she is disposing of her property to defraud creditors. It appears from Mr. Helgerson's affidavit that she gave the mortgage for a pre-existing debt. Our Supreme Court has held that a debtor may prefer his creditors. While the giving of this mortgage perhaps was injudicious, it apparently was brought on by the actions of the plaintiff himself in forceful attempt at collection. Prior thereto she had offered to make a settlement and had done nothing to justify an attachment. The court has carefully considered the matter but comes to the conclusion that the giving of the mortgage is not sufficient to show fraudulent intent."

It is the settled law in this jurisdiction that where the defendant denies the existence of the alleged grounds for attachment and moves to dissolve it on the ground that the affidavit upon which the warrant of attachment was issued is untrue, the burden is placed upon the plaintiff to show that the grounds alleged in the affidavit actually existed and if the plaintiff fails to sustain such burden the attachment must be dissolved. Jones v. Hoefs, 14 N. D. 232, 103 N. W. 751; Weil v. Quam, 21 N. D. 344, 131 N. W. 244; Peterson v. Ogland, 48 N. D. 443, 184 N. W. 981; Gamble-Robinson Minot Co. v. Mauratis, 55 N. D. 616, 214 N. W. 913.

And, where, as here, the attachment is based upon the ground that the defendant has disposed of or is about to dispose of, property with intent to cheat or defraud his creditors, the plaintiff must establish the alleged fraudulent intent as a matter of fact. Gamble-Robinson Minot Co. v. Mauratis, 55 N. D. 616, 214 N. W. 913, supra.

On appeal from an order made on a motion to discharge an attachment, due weight will be given to the trial court's decision (Peterson v. Ogland, 48 N. D. 443, 184 N. W. 981, supra), and especially to his determination of disputed questions of fact. 3 Cal. Jur. p. 546; 6 C. J. 468. On such appeal all reasonable presumptions will be indulged in favor of the correctness of the order from which the appeal is taken. 3 Cal. Jur. p. 546; 4 C. J. 731, 753. In the absence of showing to the contrary it will be assumed that the trial court acted correctly and did not err. The party asserting error has the burden of proving it upon the record presented to the appellate court. 4 C. J. 731–733, 753; Erickson v. Wiper, 33 N. D. 193, 222, 157 N. W. 592. The record presented on this appeal fails to substantiate the charge of error made by the appellant. It clearly appears from the record that the Bottineau Implement Company, as well as the plaintiff, was a creditor of the defendant Augusta Steinke and had been so for a number of years. Comp. Laws 1913, §§ 7215, 7216. Even though it be true that she was an accommodation maker, there can be no doubt under the evidence in the record here that the party accommodated was her son and not the Bottineau Implement Company. As regards the Bottineau Implement Company, her obligations were precisely the same as though she had personally received full and adequate consideration for the note. Comp. Laws 1913, §§ 6910, 6911, 6914 (Neg. Inst. Law, §§ 25, 26, 29); 3 R. C. L. p. 1120; 5 U. L. A. pp. 245, et seq. There is no room to doubt that on September 22, 1930, and for a number of years prior thereto, the Bottineau Implement Company had been a creditor of the defendant, Augusta Steinke. Under the express provisions of our statute, and the repeated rulings of this court, she had a right to prefer one creditor over another, and such preference did not constitute a fraudulent disposition of property contrary to the inhibition of our laws. Comp. Laws 1913, § 7218; Gamble-Robinson Minot Co. v. Mauratis, 55 N. D. 616, 622, 214 N. W. 913; Godman v. Olson, 38 N. D. 360, 165 N. W. 515; Veum v. Stefferud, 50 N. D. 371, 196 N. W. 104; Phillips v. Phillips, 53 N. D. 66, 204 N. W. 985. See also Lockren v. Rustan, 9 N. D. 43, 81 N. W. 60.

The order appealed from is clearly correct and must be affirmed. It is so ordered.

BURKE, BIRDZELL, NUESSLE and BURR, JJ., concur.