[File No. 5901.]

MATHIAS GREWER, Respondent, v. CARL KINNISCHTZKE. GLEN ULLIN ROLLER MILLS, a Corporation, Appellant.

(237 N. W. 305.)

Opinion filed June 20, 1931.

*S. P. Rigler,* for appellant.

*Kelsch & Higgins,* for respondent.

NUESSLE, J. Plaintiff sued and attached defendant's property, including some 600 bushels of flax. Defendant moved to set the attachment aside. This motion was denied and the order denying it was affirmed in this court. See Grewer v. Kinnischtzke, 58 N. D. 622, 226 N. W. 812. Ultimately, plaintiff recovered judgment against the defendant. The Glen Ullin Roller Mills, a corporation, claimed title to the flax in question. All the parties agreed that it might intervene and try the question of its title to the flax. So the court made an order permitting it to file a complaint in intervention. This it did. Plaintiff answered, and the issue thus made was tried to the court without a jury. The court found for the plaintiff and judgment was entered accordingly. Whereupon the intervener appealed.

The defendant is a farmer. He was largely indebted to both the plaintiff and the intervener. Plaintiff sued and attached defendant's property, including the flax in question. The attachment was levied on March 27, 1929. The intervener claims title to this flax under a bill of sale, dated February 16, 1929. On the trial the intervener produced the bill of sale on which it relied, covering the flax, executed by defendant and bearing date February 16th. This bill of sale was not filed for record until May 9, after the defendant's motion to dissolve the attachment had been denied in the district court. In support of its case the intervener called its president, Muggli, and the defendant as witnesses. Muggli testified that the bill of sale had been drawn and was executed by the defendant in intervener's office on February 16. The bill of sale was witnessed by two witnesses. Neither of these witnesses was called at the trial. The defendant himself testified that the bill of sale was executed on February 16, as claimed by the intervener; that at the time it was executed the intervener bought the flax and credited the defendant with the purchase price thereon on his indebtedness; that it was impossible to deliver the flax at that time on account of the condition of the roads, and it was agreed that delivery should be made later after seeding time. This in substance was also the testimony of Muggli. Shortly after the sheriff levied the attachment the defendant advised the sheriff that the flax belonged to the intervener. The levy was made on March 27. On the same day defendant consulted an attorney and retained him to take steps to dissolve and vacate the attachment. In that behalf the defendant made and

swore to an affidavit setting out that he was the owner of the property attached, including the flax, and that he had not sold or disposed of the same or any part thereof. When cross-examined as to the making of this affidavit he said he did not know that the affidavit contained such allegations. It further appears that on March 28, the day after the attachment was levied, the defendant executed to the intervener a chattel mortgage covering all of the defendant's property, including the flax involved in this litigation. This mortgage was at once filed. The trial court found on the record as thus made that the bill of sale, though dated February 16, was, in fact, executed subsequent to March 27, the date of the attachment, and accordingly ordered judgment for the plaintiff.

Thus it appears that the first question now for examination is as to whether the bill of sale antedated the attachment. If it did not, but was executed and delivered subsequent to the attachment, then we need go no farther but must affirm the judgment.

The trial court found that the bill of sale was executed and delivered subsequent to the levy of the attachment on the flax. To establish its case to the contrary, intervener relied wholly upon the testimony of its president, Muggli, and the defendant. But the testimony of both of these witnesses was more or less confused and contradictory. Both testified that the bill of sale was executed and delivered in intervener's office on February 16, 1929, and that at that time the intervener bought the flax and credited the defendant's account with the purchase price thereof. Of course, if this were the case, the taking of the mortgage on the flax on March 28, the day after the attachment, would be futile. Muggli testified that the mortgage was taken so that if the attachment should be set aside the intervener would have a lien prior to any subsequent levy plaintiff might make. But this was unnecessary if the bill of sale had already transferred the title to the flax to the intervener. The mortgage was filed immediately. The bill of sale was not filed until long after the attachment and after the district court had refused to set the attachment aside. There was no delivery or change of possession of the flax. Defendant continued to keep it in his granary on his farm. Furthermore, the bill of sale purports to be witnessed by two witnesses. Neither was called on the trial of the case, though both Muggli and the defendant state they were present when the transac-

tion was consummated. Defendant, on March 27, retained counsel to move for a vacation of the attachment. At that time he made an affidavit to the effect that he was the owner of the property attached, including the flax, and that he had not sold or disposed of the same, or any part of it. On the next day he executed the mortgage on the flax to the intervener. His explanation with respect to the statement contained in the affidavit to set aside the attachment is that he did not know the affidavit recited that he was the owner of the property attached and had not sold or disposed of it or any part thereof. He does not deny that he knew the attachment covered the flax. He made no explanation as to why he mortgaged the flax.

The case was tried to the court without a jury. The trial court saw and heard the witnesses and passed upon their credibility. The findings made by the court are presumed to be correct. Accordingly they will not be disturbed unless clearly contrary to the preponderance of the evidence. Lloyd Mortg. Co. v. Davis, 51 N. D. 336, 36 A.L.R. 465, 199 N. W. 869. Considering the whole record it is plain that this is a case where they are not.

The judgment must be and it is affirmed.

CHRISTIANSON, Ch. J., and BURR, BIRDZELL, and BURKE, JJ., concur.