[File No. 5932.]

L. R. BAIRD, as Receiver of People's State Bank of Linton, a Banking Corporation, Respondent, v. F. B. IRVINE, Appellant.

(237 N. W. 833.)

Opinion filed August 5, 1931.

*I. F. Wagner,* for appellant.

*Zuger & Tillotson,* for respondent.

NUESSLE, J. This appeal is from an order of the district court of Emmons County denying defendant's motion to discharge an attachment.

The plaintiff sued the defendant on a promissory note for $800, dated January 3, 1930, and due on demand. This note was a renewal of a former indebtedness which was secured by a chattel mortgage covering certain personal property belonging to the defendant. The plaintiff procured the issuance of a warrant of attachment and caused a levy to be made thereunder. The affidavit for attachment set forth that "the defendant has sold, assigned, transferred, secreted and otherwise disposed of, and is about to sell, assign, transfer, secrete or otherwise dispose of his property with intent to cheat or defraud his creditors or

to hinder or delay them in the collection of their debts." The defendant moved to discharge the attachment for the reason that the grounds therefor set forth in the affidavit were false and untrue. The defendant made a showing in support of his motion by affidavits and the plaintiff filed counter-affidavits in resistance thereof. When the matter came on to be heard before the court the defendant was sworn as a witness in his own behalf and one Pietz was sworn as a witness on behalf of the plaintiff. Both of these witnesses were examined with respect to the matters in issue. It appears that the defendant was a resident of Emmons county. At the time plaintiff's mortgage was given the property covered thereby was in Emmons county. Some of this property was thereafter sold by the defendant and taken from the county. Other of it was removed from Emmons county and kept in the adjacent county of Burleigh. Certain other personal property of the defendant not covered by the mortgage was pledged to secure a loan. It does not appear as to whether the defendant had any other property, real or personal, than that concerning which evidence was thus offered.

The plaintiff's showing both by affidavit and oral testimony was to the effect that the defendant had sold or removed and concealed the property without the consent of the plaintiff and had failed and refused to account therefor to the plaintiff. On the other hand, the defendant's showing both by affidavit and oral testimony was to the effect that though certain of the mortgaged property had been sold, this had been done with the consent of the plaintiff and that the proceeds had been applied upon the mortgage indebtedness; that the other property which had been removed from the county had been so removed in the usual course of business and that the plaintiff had knowledge of the fact of removal and made no objection; and that no property had been concealed. On the record as thus made the court found in favor of the plaintiff and denied the motion to discharge without prejudice to a renewal thereof at the time of the trial of the principal action. Thereupon the defendant perfected this appeal.

Defendant urges in support of his appeal that the plaintiff has not made sufficient proofs to support the allegations of the affidavit for attachment. We have examined the record and are of the opinion that

the findings of the trial court, applying the usual rules, must be sustained and the order affirmed.

It is true, as the defendant contends, that the existence of the grounds for the attachment being denied by the defendant the burden is thereby cast upon the plaintiff to establish the existence of such grounds, and if he fails to do so the attachment must be discharged. See Peterson v. Ogland, 48 N. D. 443, 184 N. W. 981; Gamble-Robinson Minot Co. v. Mauratis, 55 N. D. 616, 214 N. W. 913. But, on the other hand, in the instant case the showing on the motion was not only by the affidavits offered by the respective parties, but also by the testimony of witnesses covering the same issues given before the trial court. Thus the trial court had the advantage of seeing and hearing these witnesses and was in a much better position to pass upon and determine their credibility and the weight of their testimony than are the members of this court. See Jasper v. Hazen, 4 N. D. 1, 23 L.R.A. 58, 58 N. W. 454. We do not try the issues anew here, and the same presumptions arise and the same rules apply as in other cases which are not triable de novo on appeal. In other words, the order of the trial court is presumptively correct and where oral testimony is taken at the hearing on the issues made by the motion to discharge, the findings of the trial court will not be disturbed unless clearly and unquestionably opposed to the preponderance of such testimony. See Jasper v. Hazen, supra; Lloyd Mortg. Co. v. Davis, 51 N. D. 336, 36 A.L.R. 465, 199 N. W. 869; Grewer v. Kinnischtzke, ante, 116, 237 N. W. 305. So, considering the record from the court below, the order appealed from must be and it is affirmed.

CHRISTIANSON, Ch. J., and BURR, BIRDZELL, and BURKE, JJ., concur.